UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    2:25-cv-05444-AB-AJR | Date:  August 4, 2025 |
| | Page 1 of 3 |

Title:    Luis Enrique Cano v. Federal Bureau of Investigation, et al.

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO UPDATE ADDRESS OF RECORD**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

      On June 16, 2025, Defendant Federal Bureau of Investigation ("Defendant") filed a Notice of Removal of Civil Action pursuant to 28 U.S.C. § 1442(a), removing this action from the Los Angeles County Superior Court.  (Dkt. 1.)  On June 27, 2025, Defendant filed a Motion to Dismiss the tort complaint in the Los Angeles County Superior Court.  (Dkt. 10.)

      On June 30, 2025, Defendant filed a proof of service by mail, indicating that the following documents were served on Plaintiff at his address of record, 9331 Hunt Avenue, South Gate, CA 90280:  (1) Standing Order for Civil Cases (Dkt. 11); and (2) Order Setting Scheduling Conference in Civil Case (Dkt. 12).  (Dkt. 13.)

      On July 9, 2025, the Court's June 23, 2025 Order (Dkt. 8) was returned by the Postal Service as undeliverable with the label, "Return to Sender, Refused, Unable to Forward."  (Dkt. 20.)  On July 10, 2025, Plaintiff filed a letter with the Court, attaching a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     2:25-cv-05444-AB-AJR                    Date:  August 4, 2025
                                                      Page 2 of 3

Title:        Luis Enrique Cano v. Federal Bureau of Investigation, et al.

copy of Defendant's proof of service.  (Dkt. 17.)  In the letter, Plaintiff included various documents, such as those from Experian, the Internal Revenue Services, and the Federal Trade Commission, all of which reflected the same current address of record.  (Id. at 6-9, 12, 16.)[1]  The mailing envelope used to submit the letter and its attachments also bore the same address. (Dkt. 17 at 27.)  On July 16, 2025, Defendant filed another proof of service indicating the Notice of Assignment was mailed to Plaintiff at the same address.  (Dkts. 15-16.)  On July 28, 2025, the Court's mailing of a Notice to Filer of Deficiency to Plaintiff was returned as undeliverable with the same notation, "Return to Sender, Unable to Forward."  (Dkt. 18, 21.)  Given that Defendant has successfully effectuated service of multiple documents on Plaintiff at the same address of record, the basis for the Court's correspondence being returned as undeliverable is unclear.

Accordingly, Plaintiff is advised that the Central District's Local Rule 11-3.8 requires the first page of all documents filed with the Court to contain the address "of the attorney or a party appearing pro se presenting the document."  C.D. Cal. Loc. R. 11-3.8.  Local Rule 41-6 also requires a party proceeding *pro se* to keep the Court and all other parties informed of the party's current address:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address.  If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address **within 14 days of the service date of the order or other Court document**, **the Court may dismiss the action with or without prejudice for failure to prosecute.**

C.D. Cal. L.R. 41-6 (emphasis added).

The Court must have an address of record for all parties for service and receipt of filings.  Plaintiff is therefore **ORDERED TO SHOW CAUSE** by **August 18, 2025** why the Court should not recommend that this action be dismissed either with or without

---

[1] The Court uses the CM/ECF pagination at the top of the page.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:25-cv-05444-AB-AJR | Date:  August 4, 2025 |
| | Page 3 of 3 |

Title:     Luis Enrique Cano v. Federal Bureau of Investigation, et al.

prejudice pursuant to Local Rule 41-6 due to Plaintiff's failure to provide an updated mailing address.  Plaintiff may satisfy this Order by filing a response with a current mailing address.  **Plaintiff is warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed either with or without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**  The Clerk of Court is directed to provide a courtesy copy of this Order to Plaintiff at the current address of record.

IT IS SO ORDERED.