**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS ENRIQUE CANO,<br><br>    Plaintiff,<br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION, ET AL.,<br><br>    Defendants. | No. 2:25-cv-05444-AB-AJR<br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND DISMISSING ACTION WITHOUT PREJUDICE** |

**I.**

**INTRODUCTION**

On November 26, 2024, *pro se* Plaintiff Luis Enrique Cano ("Plaintiff") filed a civil action (the "Complaint") in the Los Angeles County Superior Court against Defendants Federal Bureau of Investigation ("FBI") and "U.S. Bank Trust National Associate" ("U.S. Bank"). (Dkts. 1; 1-1 at 2.)[1] On June 16, 2025, Defendant FBI removed the action from the Los Angeles County Superior Court to this Court

---

[1] The Court cites to the CM/ECF pagination on the top of each page.

pursuant to 28 U.S.C. § 1442.  (Dkt. 1.)  Although U.S. Bank was named as a defendant in the state-court Complaint, the record reflects that U.S. Bank had not appeared in the action prior to removal and has not appeared in this Court.

On June 27, 2025, Defendant FBI filed a Motion to Dismiss the Complaint (the "Motion"), originally filed in the Los Angeles Superior Court, supported by the Declaration of Alexander L. Farrell, attached exhibits, and a Request for Judicial Notice.  (Dkts. 10 – 10-8.)  On July 10, 2025, Plaintiff filed a letter with attached exhibits that, while difficult to decipher, appears intended as an opposition to the Motion.  (Dkt. 17.)

On July 21, 2025, the Magistrate Judge ordered Plaintiff to file an opposition to the Motion by August 11, 2025, and cautioned that failure to do so could be deemed consent to granting the Motion.  (Dkt. 19.)  The Magistrate Judge further advised Plaintiff that the Motion sought dismissal of the action in its entirety.  (Id.) On August 25, 2025, Plaintiff filed another letter with an attached exhibit that appears intended as an opposition to the Motion.  (Dkt. 24.)

On September 16, 2025, the Magistrate Judge again ordered Plaintiff to respond to the Motion and warned that failure to do so could be deemed consent to granting the Motion.  (Dkt. 27.)  The Magistrate Judge set a response deadline of October 7, 2025.  (Id.)  On September 29, 2025, Plaintiff filed another letter with attached exhibits that appeared intended as an opposition to the Motion.  (Dkt. 29.) On October 3, 2025, Defendant filed a Reply.  (Dkt. 30.)  Plaintiff subsequently filed additional letters on October 15, 2025, and December 3, 2025, which also appear to be further oppositions to the Motion.  (Dkts. 31, 32.)

For the reasons set forth below, the Court orders as follows:  (1) Defendant FBI's Motion to Dismiss the Complaint is GRANTED (Dkt. 10); (2) Defendant FBI's Request for Judicial Notice is GRANTED (Dkt. 10-6); (3) the Complaint is DISMISSED WITHOUT LEAVE TO AMEND as to all defendants (Dkt. 1-1); and (4) Judgment shall be entered DISMISSING THIS ACTION WITHOUT

2

PREJUDICE for lack of jurisdiction.

## II.

### PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT

The allegations in the Complaint are sparse, disjointed, and largely unintelligible.  Plaintiff appears to assert claims against Defendant FBI involving alleged wiretapping, fraud, and collusion.  (Dkt. 1-1 at 3.)  However, the Complaint does not contain intelligible factual allegations supporting these claims.  The Complaint consists, in its entirety, of the following allegations:

> Color of law- collusion  24/7 wiretap, computer invasion & sabotage, continuance of conspiracy collusion or artifice used to circumvent, cheat, or deceive another person whereby, that person acts upon it to the loss of his property & to his legal right.  Section 242 Color of Law Title 18, case #20stcv06379 Section 242 Color of LAW Title 18, case #24NWUD00389 Continuance of Conspiracy, Section 242 Color of Law Title 18, Case #2-24CV8385-AB-AVR.

(Id.)  Plaintiff appears to cite to 18 U.S.C. § 242, a federal criminal statute addressing deprivations of rights under color of law, and references several state and federal case numbers.  (Id.)  The Complaint does not explain the relevance of those case numbers or describe how Defendant allegedly violated Plaintiff's rights.

As relief, Plaintiff seeks "quiet title."  (Id.)  The Complaint does not identify any specific property interest or explain how Defendant's alleged conduct relates to any dispute concerning title to property.

## III.

### DEFENDANT FBI'S MOTION TO DISMISS THE COMPLAINT

Defendant FBI moves to dismiss the Complaint on several grounds.  (Dkt. 10.)  First, Defendant argues that the Court lacks subject-matter jurisdiction because

Plaintiff has not identified any applicable waiver of sovereign immunity permitting suit against the FBI. (Id. at 7.) Defendant contends that, absent an unequivocal waiver, sovereign immunity bars claims against federal agencies. (Id.) Second, Defendant further argues that Plaintiff appears to rely on 18 U.S.C. § 242, a criminal statute that does not provide a private right of action and therefore cannot serve as a basis for civil liability. (Id. at 7-8.)

Third, Defendant argues that the Court lacks jurisdiction under the derivative jurisdiction doctrine because Plaintiff originally filed this action in state court and the state court lacked jurisdiction over claims asserted against a federal agency. (Id. at 8.) According to Defendant, because the Los Angeles County Superior Court lacked jurisdiction over Plaintiff's claims against the FBI, this Court likewise lacks jurisdiction following removal under 28 U.S.C. § 1442. (Id.) Finally, Defendant argues that dismissal is warranted for lack of subject-matter jurisdiction because the Complaint fails to present a cognizable case or controversy under Article III. (Id. at 8-9.) Defendant contends that Plaintiff's allegations are unintelligible, implausible, and wholly insubstantial, and therefore fail to establish any injury in fact fairly traceable to the FBI or redressable by this Court. (Id.)

Plaintiff filed several documents that appear intended to oppose the Motion to Dismiss. (Dkts. 17, 24, 29, 31, 32.) These filing include a 28-page filing consisting of a notice, various documents, and a "Letter of Opposition (Proceed with case #2:25-cv-05444)." (Dkt. 29 at 12.) Plaintiff's filings do not meaningfully respond to any of the legal arguments raised in Defendant's Motion.

Defendant filed a Reply, arguing that Plaintiff's opposition does not address the jurisdictional defects identified in the Motion to Dismiss and does not cure the deficiencies in the Complaint. (Dkt. 30.) Defendant further argues that Plaintiff's filings continue to rely on conclusory allegations and materials unrelated to any viable claim against the FBI and therefore do not establish a basis for this Court's jurisdiction. (Id.)

4

## IV.

## LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Mashiri v. Epsten Grinnell & Howell, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted). The Court ordinarily must construe a *pro se* litigant's pleading liberally and hold a *pro se* plaintiff "to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The Court must accept as true all non-conclusory factual allegations contained in the complaint and must construe the complaint in the light most favorable to the plaintiff. See Steinle v. City & Cnty. of San Francisco, 919 F.3d 1154, 1160 (9th Cir. 2019). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Khoja v. Orexigen Therapeutics, Inc., 899 F3d 988, 998 (9th Cir. 2018). The Court may consider "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation

marks omitted); Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)).

Accordingly, in ruling on the legal sufficiency of the Complaint, the Court has not considered new factual allegations contained in any of Plaintiff's oppositions, to the extent any of Plaintiff's filings may be construed as such. However, "[f]acts raised for the first time in [a] plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss with or without prejudice." See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

## V.

## DISCUSSION

### A.   **Defendant FBI's Request For Judicial Notice Is Granted.**

In support of its Motion to Dismiss, Defendant FBI requests judicial notice of the State Court Civil Cover Sheet filed by Plaintiff and the Clerk's Notice of Voiding the Complaint Filing issued in the underlying state court proceeding, Luis Enrique Cano v. Fed. Bureau of Investigation, et al., Case No. 20STCV06379 ("Cano I"), which Plaintiff also references in his Complaint. (Dkts. 1-1 at 3; 10-6–10-8.)

When ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents attached to the complaint, matters of judicial notice, or documents incorporated by reference in the complaint. See United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001). Documents whose contents are alleged in a complaint and whose authenticity is not questioned may be considered without converting a motion to dismiss into one for summary judgment. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th

6

Cir. 2002).  The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks omitted); see also Kim v. Allison, 87 F.4th 994, 998 n.3 (9th Cir. 2023).  Further, a court may take judicial notice of a public record not for the truth of the facts recited in the document, but for the existence of the matters therein that cannot reasonably be questioned.  See Fed. R. Evid. 201; Flores v. Bennett, 675 F. Supp. 3d 1052, 1056 (E.D. Cal. 2023).

Here, Defendant seeks judicial notice of the state-court records in Cano I. (Dkts. 10-6–10-8.)  Because those state court records are matters of public record directly related to the allegations referenced in Plaintiff's Complaint, judicial notice of these documents is appropriate.  Accordingly, the Court grants Defendant's Request for Judicial Notice (Dkt. 10-6) and takes judicial notice of the referenced state-court records submitted by Defendant.  The Court does so for the limited purpose of recognizing the existence of the filings and procedural context, not for the truth of the matters asserted therein.  See Fed. R. Evid. 201.

**B.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims Against the FBI.**

    **1.    Sovereign Immunity Bars Plaintiff's Claims Against the FBI.**

The United States and its agencies are immune from suit unless Congress has expressly waived sovereign immunity.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Sovereign immunity is jurisdictional in nature; therefore, a court lacks subject-matter jurisdiction unless the plaintiff identifies a valid waiver of immunity.  Id.  A plaintiff who sues the United States or its agencies bears the burden of demonstrating an unequivocally expressed waiver of sovereign immunity. See Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

Here, Plaintiff names the FBI, a federal agency, as a defendant. (Dkt. 1-1.)

7

However, the Complaint does not identify any statute waiving sovereign immunity that would permit suit against the FBI.  Because Plaintiff has failed to identify any applicable waiver of sovereign immunity, the FBI is immune from suit and the Court lacks subject-matter jurisdiction over Plaintiff's claims.  Accordingly, Plaintiff's claims against the FBI must be dismissed.

Moreover, to the extent Plaintiff seeks to assert constitutional claims against the FBI, such claims are not cognizable because a damages remedy under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) is available, if at all, only against individual federal officers and not against federal agencies.  See Meyer, 510 U.S. at 484-86 (declining to extend Bivens to federal agencies and emphasizing that Bivens is concerned with deterring unconstitutional conduct by individual officers).

**2.      Plaintiff Cannot Assert Civil Claims Under 18 U.S.C. § 242.**

Plaintiff appears to allege that Defendant violated 18 U.S.C. § 242, a criminal statute that prohibits the willful deprivation of constitutional rights under color of law on account of a person's race, color, or alienage.  (Dkt. 1-1 at 3.)  However, it is well established that Section 242 is a criminal statute that does not provide a private right of action for civil litigants.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (neither 18 U.S.C. § 241 nor 18 U.S.C. § 242 provides a private right of action); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (same).

Consistent with this principle, courts have repeatedly held that violations of Title 18 criminal statutes may be prosecuted only by the United States and cannot serve as the basis for a civil claim brought by a private party.  See, e.g., Banuelos v. Gabler, 2018 WL 2328221, at *3 (E.D. Cal. May 22, 2018) (holding that the plaintiff "cannot bring a civil suit for violation of these sections of Title 18 [including Section 242] as they do not provide for a private right of action"); Salem v. Arakawa, 2016 WL 1043050, at *6 (D. Haw. Mar. 15, 2016); Cholerton v. Brown, 2014 WL 3818049, at *7 (C.D. Cal. May 16, 2014), report and recommendation adopted, 2014 WL 3828209 (C.D. Cal. Aug. 1, 2014).  Accordingly, because 18 U.S.C. § 242 does

8

not create a private right of action, Plaintiff cannot assert a civil claim under this statute, and the claim must be dismissed.

### 3.    The Derivative Jurisdiction Doctrine Independently Requires Dismissal Of The Complaint.

Under the derivative jurisdiction doctrine, when a case is removed under Section 1442, as occurred here, the federal court's "jurisdiction is derivative of the state court's jurisdiction." In re Elko Cty. Grand Jury, 109 F.3d 554, 555 (9th Cir. 1997). Thus, if the state court lacked subject-matter jurisdiction over the action, the federal court acquires none upon removal. See Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none . . . ."). This remains true even if the action could have been brought originally in federal court. See Beeman v. Olson, 828 F.2d 620, 621 (9th Cir. 1987). Although Congress abolished the derivative jurisdiction doctrine for cases removed under 28 U.S.C. § 1441, it continues to apply to removals under Section 1442. See Glass v. Nat'l R.R. Passenger Corp., 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008) ("[T]he derivative jurisdiction doctrine is alive and well and applies to 28 U.S.C. § 1442 removals.").

Here, Plaintiff originally filed this action in Los Angeles County Superior Court against the FBI, a federal agency. State courts lack jurisdiction over claims against federal agencies absent an express waiver of sovereign immunity. See Meyer, 510 U.S. at 475. Because Plaintiff identifies no such waiver, the Court concludes that the Los Angeles County Superior Court lacked subject-matter jurisdiction over Plaintiff's claims against the FBI. Accordingly, this Court likewise lacks jurisdiction under the derivative jurisdiction doctrine. See Cox v. U.S. Dep't of Agric., 800 F.3d 1031, 1032 (9th Cir. 2015); Kleidman v. Barash, 2022 WL 1613019, at *2 (C.D. Cal. Apr. 21, 2022), aff'd, 2023 WL 9470708 (9th Cir. July 3,

9

2023).  This doctrine therefore provides an independent basis for dismissal.

## C. The Court Also Lacks Jurisdiction Because Plaintiff Has Not Alleged A Justiciable Case Or Controversy.

Federal courts are courts of limited jurisdiction and possess only the authority granted by the Constitution and Congress.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies."  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).  To establish Article III jurisdiction, a plaintiff must demonstrate standing by alleging: (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable judicial decision.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Spokeo, Inc. v. Robins, 578 U.S. 330, 338-39 (2016).  The party invoking federal jurisdiction bears the burden of establishing its existence.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

Here, the Complaint is wholly unintelligible and therefore, fails to establish the existence of a case or controversy.  The Complaint consists of a single paragraph containing a series of disconnected phrases referencing "collusion," "24/7 wiretap," "computer invasion & sabotage," and a "continuance of conspiracy."  (Dkt. 1-1 at 3.) Plaintiff also references several case numbers but provides no explanation of their relevance or connection to Defendant FBI.  (Id.)  In addition, Plaintiff seeks "quiet title" as relief, yet the Complaint contains no factual allegations describing any specific property interest, dispute over title, or conduct by Defendant affecting Plaintiff's ownership of property.  (Id.)  Without allegations describing a dispute over property rights, the Court cannot determine whether any live controversy exists.

Courts routinely hold that unintelligible or incoherent pleadings fail to establish the existence of a justiciable controversy where, as here, the Complaint contains only vague, disconnected, or incomprehensible allegations.  See, e.g.,

10

<u>Dvornekovic v. Obama</u>, 2015 WL 6164780, at *1 (C.D. Cal. July 28, 2015) (holding that an unintelligible pleading failed to present a case or controversy); <u>In re Nakagawa</u>, 240 F. App'x 249, 250 (10th Cir. 2007) (holding that a prisoner's vague and unintelligible pleadings failed to allege facts establishing a case or controversy); <u>Koll v. Wayzata State Bank</u>, 397 F.2d 124, 125 (8th Cir. 1968) (holding that a disconnected, incoherent and rambling pleading that could not be answered intelligibly failed to present a case or controversy); <u>Juste v. Resident Agency Martinsburg</u>, 153 F. Supp. 3d 242, 24 (D. D.C. 2016) (dismissing "largely incoherent allegations" for lack of jurisdiction).

In short, the Court cannot discern from the Complaint what specific dispute Plaintiff asks the Court to resolve.  Because the pleading does not allege a concrete and particularized injury traceable to Defendant's conduct and capable of redress by this Court, Plaintiff has not established the existence of an Article III case or controversy.  Accordingly, the Court lacks subject-matter jurisdiction, and the Complaint must be dismissed.

**D.      The Complaint Violates Federal Rule Of Civil Procedure 8.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Smith v. City & Cnty. of Honolulu</u>, 887 F.3d 944, 951 (9th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)).  "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint.  <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011).  Conclusory allegations are insufficient.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 686 (2009).

Here, even if the Court had jurisdiction, the Complaint independently fails to satisfy Rule 8.  The Complaint consists entirely of a brief paragraph containing

disconnected phrases referencing "collusion," "wiretap," "computer invasion," and "conspiracy." (Dkt. 1-1 at 3.) The pleading does not describe any specific action taken by Defendant FBI, nor does it provide factual context explaining how Defendant allegedly violated Plaintiff's rights. The Court is not required to sift through vague or scattered allegations to construct claims on Plaintiff's behalf. See Cafasso, 637 F.3d at 1058 (district courts are not required to "sort through a lengthy complaint to determine what causes of action are alleged"); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory."); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) (approving dismissal under Rule 8(a) of a complaint that was excessively verbose and confusing, placing an unfair burden on the court and defendants).

The Complaint's conclusory and unintelligible allegations do not provide Defendant with fair notice of the claims asserted or the factual basis for those claims. As a result, Defendant cannot reasonably prepare a response. The Complaint therefore fails to comply with Federal Rule of Civil Procedure 8, and this deficiency provides an independent basis for dismissal.

**E.    The Complaint Is Dismissed Without Leave To Amend.**

The Ninth Circuit instructs district courts to grant plaintiffs leave to amend where a defective complaint can be cured by the allegation of additional facts. See Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005). This is especially true for *pro se* plaintiffs where the district court should liberally construe the complaints. See id. However, "[a] district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010) (internal quotation marks omitted).

Here, amendment would be futile. First, the Complaint fails to establish that

12

this Court has jurisdiction because it does not present a justiciable case or controversy.  Where Article III jurisdiction is lacking, amendment cannot cure the fundamental defect because the Court lacks authority to adjudicate the matter.  See Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1010 (9th Cir. 2008) (holding that leave to amend was not warranted where there was no case or controversy); Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (9th Cir. 1986) (explaining that amendment "is not to be used to create jurisdiction retroactively where it did not previously exist"); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988) (holding that leave to amend was not warranted where there was not "anything to amend"); see also Atakapa Indian de Creole Nation v. Edwards, 838 F. App'x 124, 124-25 (5th Cir. 2021) (per curiam) (holding that a complaint lacking any "coherent argument" was properly dismissed for lack of jurisdiction as frivolous and without leave to amend because "futility of any amendment here was readily apparent and justified by the record").

Moreover, Plaintiff has already been afforded multiple opportunities to clarify the nature of his claims.  Plaintiff filed several submissions in response to the Motion to Dismiss.  (Dkts. 17, 24, 29, 31, 32.)  The Court also issued two orders advising Plaintiff that he must file a response to Defendant's Motion to Dismiss and warning that failure to respond could result in the motion being deemed granted.  (Dkts. 19, 27.)  In those same orders, the Court extended Plaintiff's time to respond. (Id.)  Despite these opportunities, Plaintiff has not provided any intelligible factual allegations establishing the existence of a concrete dispute with Defendant FBI.  Instead, Plaintiff's filings continue to consist of vague, conclusory, and disconnected statements that do not clarify the basis of his claims.

Given these circumstances, the Court concludes that further amendment would not cure the jurisdictional and pleading deficiencies identified above.  The Complaint also lacks any plausible basis to state a federal claim against Defendant U.S. Bank and therefore amendment would be futile as to any claim against Defendant U.S.

13

Bank as well.  Accordingly, the Complaint must be dismissed without leave to amend, and this action must be dismissed without prejudice for lack of jurisdiction.

## VI.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:  (1) Defendant FBI's Motion to Dismiss the Complaint is GRANTED (Dkt. 10); (2) Defendant FBI's Request for Judicial Notice is GRANTED (Dkt. 10-6); (3) the Complaint is DISMISSED WITHOUT LEAVE TO AMEND as to all defendants, including Defendants FBI and U.S. Bank (Dkt. 1-1); and (4) Judgment shall be entered DISMISSING THIS ACTION WITHOUT PREJUDICE for lack of jurisdiction.

DATED:     March 26, 2026

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

14